## Levan v. Gardner

*John A. Mihalik,* for plaintiff.
*Robert E. Bull,* for defendant.

MYERS, *P.J.,* May 23, 1977—While taking a deposition, plaintiff's counsel asked defendant the following question: "Have you given any written statements to any person relating to this accident?" Defendant's counsel objected to the question and instructed his client not to answer it.

Plaintiff then timely filed a petition seeking a court order to compel defendant to answer the question. The matter is now before us for disposition.

Defendant contends that Pa.R.C.P. 4011(d) explicitly relieves him of any obligation to respond to the question at issue. According to Rule 4011, a deponent need not answer a question which "would disclose the existence or location of . . . statements . . . or other things made or secured by any person or party in anticipation of litigation or in preparation for trial . . ."

Varying conclusions have been reached by the various lower courts which have attempted to define the parameters of Rule 4011(d). On the one hand, several courts have refused to order the production of statements made by a party following an accident: Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555 (1958). Numerous other courts, however, have concluded that the court-

ordered production of such statements is proper: Peace v. Hess, 67 D. & C. 2d 230 (1974); Gramiak v. Raines, 55 D. & C. 2d 586 (1972); Baukal v. Acme Markets, 38 D. & C. 2d 86 (1966).

In our view, the rule of liberal construction imposed by Pa.R.C.P. 126, and the general judicial policy of liberal construction in favor of discovery, require that discovery be liberally allowed and, conversely, that the limitations of Rule 4011(d) be narrowly construed. See 5 Anderson Pa. Civ. Prac. §4001.38 et seq. See also 5A Anderson Pa. Civ. Prac. §4011.146. Hence, we adopt the liberal discovery rule articulated in Peace, Gramiak, and Baukal.

Defendant must, therefore, answer the question posed by plaintiff's counsel. In addition, if requested, defendant must furnish copies of any statements he may have made to investigating officers, friends, neighbors, and the like, so long as such statements were not specifically made in preparation for trial or in anticipation of litigation.

Since the courts have been divided in their decisions concerning Rule 4011(d), we cannot say that defendant's refusal to answer was so unreasonable as to entitle plaintiff to compensation for attorney's fees. Accordingly, the request for attorney's fees is denied.

## ORDER

And now, May 23, 1977, defendant is hereby ordered to answer the questions at issue in the deposition, as raised by plaintiff's petition to compel said answers.